UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JULIE KROGEN,** | 1:14-cv-01266- LJO-MJS |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS** (Doc. 7) |
| v. | |
| **THE UNITED STATES OF AMERICE,** *et al.*, | |
| **Defendants.** | |

## I. INTRODUCTION

Julie Krogen ("Plaintiff"), on behalf of her deceased husband, Shane Krogen ("Krogen"), brings this wrongful death suit against the United States of America, the State of California, and Does 1 through 100. Plaintiff alleges that the helicopter accident that led to Krogen's death was a result of negligence on the part of both state and federal employees. Plaintiff brings claims under the Federal Tort Claims Act, 28 U.S.C. 267 and Cal. Gov't Code § 815.2. Doc. 8 at 4. Now pending before the Court is the State of California's (the "State") motion to dismiss the first amended complaint ("FAC"). For the reasons set forth below, the Court GRANTS the State's motion to dismiss all claims against it.

## II. FACTUAL BACKGROUND

The California Air National Guard, the United States Forest Service, the United States Air Force, and the United States Department of Agriculture, all federal agencies, in cooperation with the California Department of Fish and Wildlife and the California Natural Resources Agency, both agencies of the

State, a coordinating agency in a restoration project in the Sequoia National Park (the "Park"), which were contaminated by marijuana grow sites. *See* Doc. 13 at 2. On September 12, 2013 Krogen, a volunteer on the project, was transported in a HH-60G Pave Hawk helicopter to the reclamation operation site in the Park. Doc. 8 at 5. As Krogen was lowered out of the helicopter, his connection to the hoist line broke and Krogen fell approximately thirty-five to forty feet out of the helicopter and onto the forest floor. Krogen sustained fatal injuries from the fall. *Id*.

### III. PROCEDURAL HISTORY

In January and February 2014, Plaintiff served claims for damages on the respective state and federal agencies.[1] All of Plaintiff's claims were denied. Doc. 8 at 3-4. On August 12, 2014, Plaintiff filed a complaint against the United States of America, the State of California, and Does 1 through 100. Doc. 1. On September 8, 2014, the State filed a motion to dismiss on the grounds that the Eleventh Amendment bars Plaintiff's claim against the State. Doc. 7. As the statute of limitations is not tolled in state actions simply because a party is claiming supplemental jurisdiction in a federal action, Plaintiff filed a separate state action in the Superior Court of California, County of Tulare on September 10, 2014. Doc. 11 at 3, and attached as Exhibit A. Simultaneously, Plaintiff filed the FAC as a matter of right pursuant Federal Rules of Civil Procedure Rule 15(a)(1)(B). Doc. 8. On September 16, 2014, Plaintiff filed an opposition to the State's motion to dismiss. Doc. 11. On September 24, 2014, the State filed a motion to dismiss the FAC. Plaintiff filed an opposition to the State's motion to dismiss.

Having reviewed the motion and opposition in light of the entire record, the Court finds this matter suitable for decision on the papers pursuant to Local Rule 230(g). Because the Court finds in favor of the movant, and non-movant already has filed an opposition, the Court further finds it is appropriate to rule in advance of the expiration of the deadline for the filing of a reply.

---

[1] On January 24, 2014, Plaintiff served claims for damages on the California Department of Fish and Wildlife and the California Natural Resources Agency. On February 5, 2014, Plaintiff served written claims for damage, injury or death on the California Air National Guard, the United States Forest Service, and the United States Department of Agriculture. Doc. 8 at 3. On February 10, 2014, Plaintiff served the same on the United States Air Force. *Id*.

2

## IV. ANALYSIS

States may assert the Eleventh Amendment as an affirmative defense when they are being sued in federal courts. *ITSI TV Prods., Inc. v. Agric. Assoc.*, 3 F.3d 1289, 1291 (9th Cir. 1993). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Furthermore, the Supreme Court has recognized that this language "bars a citizen from bringing suit against the citizen's own State in federal court, even though the express terms of the Amendment refer only to suits by citizens of another State." *Welch v. Texas Dept. of Highways and Public Transp.*, 483 U.S. 468, 472-73 (1987). There are only three exceptions to this rule:

> First, a state may waive its Eleventh Amendment defense. … Second, Congress may abrogate the States' sovereign immunity by acting pursuant to a grant of constitutional authority. … Third, under the *Ex parte Young* doctrine, the Eleventh Amendment does not bar a suit against a state official when the suit seeks…prospective injunctive relief.

*Douglas v. California Dept. of Youth Authority*, 271 F.3d 812, 817 (9th Cir. 2001) (internal citations and quotation marks omitted). Although the State of California has waived its sovereign immunity through the California Tort Claims Act with respect to tort actions brought in state court, *see* Cal. Gov't Code § 945, that waiver does not effectuate a waiver of its Eleventh Amendment immunity from tort suits in federal court. *BV Eng'g v. Univ. of Cal., L.A.*, 858 F.2d 1394, 1396 (9th Cir. 1988) (holding that the waiver of sovereign immunity in the California Tort Claims Act does not constitute a waiver of Eleventh Amendment immunity in federal court). Moreover, as the State of California is asserting its Eleventh Amendment rights, it has not expressly consented to suit in this litigation.

Nor has Congress abrogated the State's sovereign immunity as to wrongful death suits. Plaintiff asserts that the Court has supplemental jurisdiction over both the State of California and the state law claims. Doc. 11 at 5. Plaintiff, however, failed to cite any relevant case law, nor is the Court aware that such precedent exists, that would allow supplemental jurisdiction to overcome the grant of sovereign

3

immunity afforded to states by the Eleventh Amendment. The Ninth Circuit has clearly held that supplemental jurisdiction does not abrogate states' sovereign immunity:

> The exercise of supplemental jurisdiction is governed by 28 U.S.C. §1367, which is silent as to sovereign immunity. The statute is a far cry from the unmistakably clear language required for abrogation. Additionally, there is no indication that Congress intended to exercise its powers under Section 5 of the Fourteenth Amendment by enacting section 1367; the statute only addresses the jurisdiction of federal courts, which Congress regulates through its Article I powers. Thus, we hold that 28 U.S.C. §1367 does not abrogate state sovereign immunity for supplemental state law claims.

*Stanley v. Trustees of California State Univ.*, 433 F. 3d 1129, 1133-34 (9th Cir. 2006) (internal citations and quotation marks omitted). *See also Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 145 ("The law has been settled that the Eleventh Amendment applies even though the State is accused of violating the Federal Constitution.... the Eleventh Amendment applies to all cases within the jurisdiction of the federal courts including those brought to require compliance with federal law, and bars any suit where the State is the proper defendant under sovereign immunity principles.").

Finally, Plaintiff is not seeking prospective injunctive relief. Therefore, Plaintiff's claims do not fall into any of the recognized exceptions. Hence, the State of California is not subject to the jurisdiction of the Court in this case, and all claims against it must be dismissed.

## V. CONCLUSION AND ORDER

For the reasons discussed above, the Court:

1. GRANTS the State of California's motion to dismiss; and

2. VACATES the October 28, 2014 hearing on this motion.

**SO ORDERED**
**Dated: September 25, 2014**

                             **/s/ Lawrence J. O'Neill**
                             **United States District Judge**