RICHARD C. WATTERS, ESQ. (SBN 060162)
LAW OFFICES OF MILES, SEARS & EANNI
2844 Fresno Street
P.O. Box 1432
Fresno, CA 93716
*Attorneys for Plaintiff*

DOUGLAS M. HOTTLE, ESQ.
TORTS BRANCH, CIVIL DIVISION
UNITED STATES DEPARTMENT OF JUSTICE
Post Office Box 14271
Washington DC 20044-4271
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Julie Krogen,<br><br>　　　　Plaintiff,<br><br>　　v.<br>UNITED STATES OF AMERICA;<br>And DOE 1 through DOE 100,<br><br>　　　　Defendant. | Case No.: 1:14-cv-01266-LJO-MJS<br><br>STIPULATION FOR PROTECTIVE ORDER |

　　　　Pursuant to L.R. 143, the Parties hereby stipulate to the entry of the following Protective Order (the "Order"). Pursuant to the Federal Rules of Civil Procedure, the United States of America, may elect to produce, or may be asked to produce, in this civil action material that may contain restricted or sensitive information, or information designated "For Official Use Only" (FOUO). To protect this material, the Court enters the following Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

　　　　1.　　Nothing in this Order shall prevent the United States from using or disclosing its own material.

1

STIPULATION FOR PROTECTIVE ORDER
Case No. 1:14-cv-01266-LJO-MJS

2.     This Order applies to all material designated as Restricted or designated FOUO by the United States and/or its agencies, which includes but is not limited to personally identifying information, law enforcement sensitive information and military unit designations exempt from public release under 10 U.S.C. 130b, information related to or included in contracts between the United States and/or its agencies and third parties, , documents, written material, electronically stored information, tangible things, initial disclosures, deposition testimony, deposition transcripts, trial testimony, trial transcripts, expert reports, and responses to interrogatories, production requests, requests to admit and subpoenas, and to any information obtained or derived from these materials (collectively, Restricted Material).

3.     Material designated, as Restricted by the United States under the terms of this Order shall contain the notation "RESTRICTED – SUBJECT TO PROTECTIVE ORDER." Deposition testimony containing Restricted Material shall be designated by page and line number within twenty (20) days after receipt of the deposition transcript or by verbal notice during the deposition.  If provided in electronic form, the subject line of the electronic transmission shall read "CONTAINS RESTRICTED INFORMATION SUBJECT TO PROTECTIVE ORDER."  If provided in paper form, the document must be sealed in a parcel containing the legend "RESTRICTED INFORMATION ENCLOSED."  The first page of each document containing Restricted Material must contain a banner stating RESTRICTED – SUBJECT TO PROTECTIVE ORDER" and the portions of the document containing Restricted information must be clearly identified and marked as specified herein.

4.     If the United States inadvertently fails to designate material as Restricted or

decides to change the designation of previously produced material, it may do so later and this material shall be treated as Restricted Material from the time the receiving party is notified in writing of the revised designation.  In addition, the inadvertent disclosure of Restricted Material by the United States shall not be treated as a waiver of its claim of release restrictions to that material.

5. Restricted Material shall be used only for purposes relating to this action and may not be given, shown, made available, discussed, or otherwise conveyed or released in any form except as provided herein

6. Access to Restricted Material shall be limited to Qualified Persons, defined as: (a) the parties to this action and their employees; (b) counsel for parties to this action and their staff; (c) experts and consultants and their staff consulted by a party to this action if Restricted Material is necessary for them to render services; (d) a deponent and deponent's counsel if a good faith basis exists for asking the deponent about Restricted Material; (e) court reporters retained to take depositions in this action; (f) mediators retained in this action; and (g) the Court and Court personnel.

7. Qualified Persons provided with Restricted Material shall be given a copy of this Order and advised of its terms.  Before providing Restricted Material to any Qualified Person, counsel shall first show a copy of this Protective Order and obtain from each Qualified Person, except for the Court, Court personnel, counsel for parties to this action and their staff, a signed Written Acknowledgment in the form attached to this Order as Exhibit A.  Counsel shall maintain a list of all recipients of Restricted Material and shall retain the originals of the Written Acknowledgments required by this paragraph.  Counsel

for Plaintiffs shall provide this list and the Written Acknowledgments to counsel for the United States upon written request. Counsel for Plaintiffs, however, shall not be required to disclose the identity of any testifying expert until the Court requires the designation of testifying experts, and counsel for Plaintiffs shall not be required to disclose the identity of any expert or consultant who is not going to testify at trial until the conclusion of this action. Any individual admitted under this Protective Order shall take all necessary precautions to prevent disclosure of restricted information, including but not limited to physically securing, safeguarding, and restricting access to the restricted information.

      8.    Plaintiffs may object to a designation of Restricted Material at any time by giving written notice to counsel for the United States. If the parties are not able to resolve the designation dispute within ten (10) days after receipt of the written notice, Plaintiffs may seek Court assistance requesting that the Restricted Material designation be removed or limited.

      9.    This Order does not constitute a ruling on whether material is discoverable or admissible. This Order shall not prevent Restricted Material from being offered or received as evidence at trial, subject to such protective measures as the Court may then prescribe, if any. However, for such use at trial, Restricted Material shall continue to be treated in accordance with this Order.

      10.    Restricted Material shall be filed under seal in accordance with L.R. 141.

      11.    At the conclusion of this action, all Restricted Material shall be returned to counsel for the United States or destroyed by the receiving party, and the receiving party shall confirm in writing that the destruction has occurred. Subject to the terms of this Order,

STIPULATION FOR PROTECTIVE ORDER
Case No. 1:14-cv-01266-LJO-MJS

however, counsel for Plaintiffs may retain pleadings, briefs, memoranda, and motions filed with the Court, or other attorney work product material, that refer to or incorporate Restricted Material.

12. This Order shall remain in full force and effect after the termination of this action.

13. Any party to this action may file a motion requesting that the Court modify the terms and conditions of this Order.

Dated: November 24, 2014

                                              Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

BENJAMIN B. WAGNER
United States Attorney

BENJAMIN E. HALL
Assistant United States Attorney


DOUGLAS M. HOTTLE
Senior Trial Counsel
Torts Branch, Civil Division
United States Department of Justice
Post Office Box 14271
Washington D.C. 20044-4271
Telephone:    (202) 616-2973
Facsimile:    (202) 616-4002
douglas.hottle@usdoj.gov
*Counsel for Defendant United States of America*


_____
RICHARD C. WATTERS
Miles, Sears & Eanni
2844 Fresno Street
Fresno, CA 93721
Telephone:  (559) 486-5200
rcwatters@mse-law.com
*Counsel for Plaintiff Julie Krogen*

5

STIPULATION FOR PROTECTIVE ORDER
Case No. 1:14-cv-01266-LJO-MJS

RICHARD C. WATTERS, ESQ. (SBN 060162)
LAW OFFICES OF MILES, SEARS & EANNI
2844 Fresno Street
P.O. Box 1432
Fresno, CA 93716
*Attorneys for Plaintiff*

DOUGLAS M. HOTTLE, ESQ.
TORTS BRANCH, CIVIL DIVISION
UNITED STATES DEPARTMENT OF JUSTICE
Post Office Box 14271
Washington DC 20044-4271
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Julie Krogen,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA;<br>And DOE 1 through DOE 100,<br><br>　　　　Defendant. | Case No.: 1:14-cv-01266-LJO-MJS<br><br>ORDER FOR PROTECTIVE ORDER |

For good case shown, the Court approves and adopts the foregoing Stipulation for Protective Order as the Order of this Court, provided however, that nothing therein shall relieve the parties from their respective obligation's to comply with applicable provisions of L.R. 141 and other applicable rules.

IT IS SO ORDERED.

Dated:   November 25, 2014          /s/ *Michael J. Seng*
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE