UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE KROGEN,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | 1:14-cv-1266-LJO-MJS<br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT (Doc. 25) |

## I. INTRODUCTION

Plaintiff Julie Krogen ("Plaintiff") brings this action against Defendant the United States of America ("The Government") for the wrongful death of her husband, Shane Krogen ("Mr. Krogen").

## II. FACTUAL BACKGROUND[1]

This wrongful death action arises out of a helicopter accident that occurred in Sequoia National Park ("Sequoia") on September 12, 2013, during "Operation Pristine" ("the Operation"), a wildlife restoration operation conducted by the California Department of Fish & Wildlife ("DFW"), the

---

[1] As explained below, the Court construes Defendant's motion as a 12(b)(1) factual attack. Therefore, the Court relies on evidence submitted by the parties and need not assume the truthfulness of allegations in the complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004). When considering "items outside the pleading" on a 12(b)(1) motion, the Court resolves "all disputes of fact in favor of the non-movant." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996).

California Air National Guard ("ANG"), and the United States Forest Service ("Forest Service"). Members of the High Sierra Volunteer Trail Crew ("High Sierra"), a non-profit organization dedicated to environmental reclamation and clean-up, assisted in the Operation as volunteers. Joint Statement of Undisputed Facts ("JSUF"), Doc. 26, No. 3. Mr. Krogen was the executive director of High Sierra. Pl.'s Statement of Disputed Facts ("PSDF"), Doc. 28-1, No. 1.

During the Operation, Mr. Krogen engaged in a "hoist operation," where he wore a vest that attached to a hoist on the helicopter, so that the helicopter could hover while lowering him to and raising him from the ground. PSDF No. 15. During the hoist, his connection to the hoist device broke, which caused him to fall approximately forty feet to the ground. PSDF No. 16. Mr. Krogen died as a result of the injuries he sustained from the fall. JSUF No. 3.

### III. PROCEDURAL BACKGROUND

On August 12, 2014, Plaintiff filed a complaint against the United States of America ("Government"), the State of California ("State"), and unnamed individuals, alleging that the government agencies involved with the Operation were negligent and liable for the wrongful death of her husband. Doc. 1. On September 8, 2014, the State filed a motion to dismiss on the grounds that the Eleventh Amendment barred Plaintiff's claim against the State. Doc. 7. Shortly thereafter, Plaintiff filed an amended complaint as a matter of right pursuant Fed. R. Civ. Pro. 15(a)(1)(B). First Am. Compl. ("FAC"), Doc. 8. On September 25, 2014, the Court granted the State's motion, dismissing the State as a party to the lawsuit for lack of jurisdiction. Doc. 14. The operative claim alleges that the United States is liable under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et. seq*. FAC ¶ 10.

On June 9, 2015, the Government moved to dismiss the case under Fed. R. Civ. Pro. 12(b)(1) on the ground this Court lacks subject matter jurisdiction over it, or in the alternative, for summary judgment that Mr. Krogen waived tort claims related to his accident. Mot. to Dismiss, or in the Alternative, for Sum. J. ("MTD"), Doc. 25-1. Plaintiff timely filed an Opposition. Pl.'s Opp'n to Mot. to Dismiss ("Opposition"), Doc. 28. The Government replied on July 29, 2015. "Reply", Doc. 29. The next

day, Plaintiff submitted objections to some of the evidence the Government filed along with its reply. "Objections", Doc. 30.[2] The Court found it appropriate to rule on the motion without oral argument. *See* Doc. 31; L.R. 230(g).

## IV. STANDARD OF DECISION

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject-matter jurisdiction." Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981). A challenge to subject matter jurisdiction may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). As explained in *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004):

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

Here, Defendants submits evidence supporting their motion to dismiss. Therefore, the Court will treat it as a factual attack. *See Safe Air*, 373 F.3d at 1039 (allowing the court to consider evidence outside the complaint without converting the motion into a summary judgment motion).

In a speaking motion, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Safe Air*, 373 F.3d at 1039. The Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or

---

[2] Because the Court did not rely on the materials to which Plaintiff objects, her objections are DENIED as moot.

other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

## V. ANALYSIS

### A.  Alleged Procedural Defects

Plaintiff alleges that the Government's motion is defective because it does not include a "Statement of Undisputed Facts," as required by Local Rule 260. Opposition at 23. The Court finds this argument to be without merit. As Plaintiff acknowledges, the Government filed a "Joint Statement of Stipulated Facts" on the same day as it filed its Motion to Dismiss. Doc. 26. The Government explains that it did not identify any disputed facts because there are no material facts in dispute. Reply at 4, n. 3. This is a legitimate position. The Court will not deny Defendant's motion for procedural reasons.[3]

### B.  Whether Plaintiff's FTCA Claims are Precluded by FECA

The Government argues that Mr. Krogen's status as an unpaid Forest Service volunteer means that he is treated as a federal employee for the purpose of tort claims. MTD at 2. FTCA claims brought on behalf of federal employees for work-related injuries are mostly precluded by the Federal Employee Compensation Act ("FECA"), 5 U.S.C.A. §§ 8101(1)(B), 8116(c). *Id.* Plaintiff argues that because the deceased's volunteer position was sponsored by High Sierra, claims related to his death are not precluded. Opposition at 10-12.

#### 1.  FTCA and FECA Legal Background

The FTCA is a limited waiver of sovereign immunity from suit that provides that "the United States shall be liable . . . to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The FTCA requires a government tort plaintiff, prior to filing a district court action, to present a "claim to the appropriate Federal agency" and the agency's claim denial. 28 U.S.C. § 2675. The FTCA

---

[3] The Government, however, has failed to comply with other local and Chambers rules requiring counsel to identify their bar licensure on the cover of their papers, L.R. 131(a), and to properly tab and collate courtesy copies, Standing Order, Doc. 4-1. While these lapses are not grounds to deny the Government's motion, counsel must comply with these (and all other applicable rules) in future filings. Failure to comply will result in this Court's striking pertinent pleadings.

"provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." *McNeil v. U.S.*, 508 U.S. 106, 107 (1993) (quoting 28 U.S.C. § 2675(a)).

Where a plaintiff asserts a claim based on the death or injury of a federal employee, the action may be precluded by FECA. 5 U.S.C. § 8116(c). FECA compensates federal employees for death or injuries sustained during performance of their duties, unless the injury or death is "(1) caused by willful misconduct of the employee; (2) caused by the employee's intention to bring about the injury or death of himself or of another; or (3) proximately caused by the intoxication of the injured employee." U.S.C. § 8102(a). When FECA applies, a federal employee must apply to the Secretary of Labor to pursue a claim. 5 U.S.C. § 8145. The existence of a FECA remedy bars recovery under the FTCA:

> The liability of the United States ... with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States ... to the employee ... in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

5 U.S.C. § 8116(c); *see also Moe v. United States*, 326 F.3d 1065, 1068 (9th Cir. 2003) ("if compensation is available under FECA, all other statutory remedies for claims arising under the same facts are preempted"). A question of whether FECA applies is a question of "'coverage in and of itself' and must be presented to the Secretary for initial determination." *Sheehan v. United States*, 896 F.2d 1168, 1174 (9th Cir.) amended, 917 F.2d 424 (9th Cir. 1990). "A plaintiff need only allege a colorable claim under FECA for our courts to lose jurisdiction over an FTCA action." *Moe*, 326 F.3d at 1068. The Ninth Circuit requires that a plaintiff file an administrative claim for FECA benefits before commencing a tort action under the FTCA "if there is a 'substantial question' on whether an injury is covered by the FECA." *David v. United States*, 820 F.2d 1038, 1044 (9th Cir. 1987) (quoting *Reep v. United States*, 557 F.2d 204, 208 (9th Cir. 1977)). In other words, "to avoid sending the case to the Secretary of Labor, [a Court] must essentially determine that as a matter of law, viewing all the circumstances, the Secretary of Labor could not find FECA coverage . . ." *Jorgensen v. United States*, No. C 03-00188 MJJ, 2004 WL

3267262, at *3 (N.D. Cal. Feb. 17, 2004) (quoting *Concordia v. United States Postal Service*, 582 F.2d 439, 442 (5th Cir. 1978)).

### 2. Whether Plaintiff Presents a "Colorable" FECA Claim

Plaintiff provides evidence that Mr. Krogen was acting as a Forest Service volunteer at the time of his death. Agreement for Sponsored Volunteer Services ("Volunteer Agreement"), Doc. 28-6. Plaintiff also acknowledges that Forest Service volunteers are generally treated as federal employees for the purposes of tort claims. Opposition at 10; *see also* 16 U.S.C.A. § 558c(b) ("For the purpose of the tort claim provisions of Title 28, a volunteer under sections 558a to 558d of this title shall be considered a Federal employee."). Plaintiff, however, contends that Mr. Krogen does not qualify as a volunteer for FECA purposes because his position was externally sponsored. Opposition at 10. In support of this position, Plaintiff points to a Forest Service guideline that describes compensation available to sponsored volunteers for work-related injuries as follows:

> If the sponsoring group does not have medical insurance for work related injuries, the Forest Service covers the expenses. If the sponsored group has insurance for work-related injuries, the group covers the medical expenses for the injury. If the group's insurance does not fully cover the medical treatment's cost, then the Forest Service would cover the rest.

United States Forest Service, Volunteers in the Forest Service: A Coordinator's Desk Guide ("Desk Guide"), Doc. 28-6 at 19.[4] Plaintiff also points out that the Forest Service distinguishes between normal volunteers and sponsored volunteers on the basis that sponsored volunteers are "supervised by another institution or organization, or by a unit of State or local government." Forest Service Manual 1800, Doc. 28-6, § 1830.5.[5] While these materials show that sponsored volunteers are treated differently from unsponsored ones in some contexts, neither disclaims liability under FECA. In fact, the Desk Guide states the Forest Service will cover medical expenses that are not covered by the sponsoring group.

---

[4] The Court GRANTS Plaintiff's request for judicial notice of this document because it comes from a publicly accessible government website. *See Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014).
[5] The Court GRANTS Plaintiff's request for judicial notice of this document as well because it is also comes from a publicly accessible government website. *See* n. 4, *supra*.

Thus, neither of these authorities provides a credible basis for Plaintiff's proposition that "sponsored" volunteers are not covered by for FECA.

Moreover, Plaintiff provides a copy of an agreement Mr. Krogen signed on behalf of High Sierra with the Forest Service that shows that he knew and agreed that he and other High Sierra personnel "will be considered as federal employees for the purpose of tort claims and compensation for volunteer work related injuries." Volunteer Agreement. The agreement also states that the Forest Service will "[c]onsider the participants as federal employees for the purpose of tort claims and compensation for work injuries, to the extent not covered by the sponsor." *Id.* This language makes it clear that both parties to the agreement anticipated that High Sierra personnel would be treated as federal employees for the purpose of tort claims. Federal employees must proceed under FECA. 5 U.S.C. § 8116(c).

Plaintiff suggests that if FECA applied, then it would have been incumbent upon the Forest Service to initiate proceedings. Opposition at 12. In support of this argument, Plaintiff points to a statute requiring an employee's supervisor to report death or injuries directly to the Secretary of Labor. *Id* (quoting 5 U.S.C. § 8120). The evidence in the record does not provide a sufficient basis for this Court to conclude that the Forest Service did or did not violate this statute. Either way, this does not affect the issue of jurisdiction. Moreover, the statute does not impose a duty to initiate *proceedings* on a claimant's behalf. Rather, FECA provides that "an individual or someone on his behalf" may make a claim with the Secretary of Labor. 5 U.S.C. § 8121. *See also Marshburn v. Postmaster Gen. of U.S.*, 678 F. Supp. 1182, 1185 (D. Md.) *aff'd*, 861 F.2d 265 (4th Cir. 1988) (finding that postal service had no obligation to file FECA claims on employee's behalf).

Finally, Plaintiff points to a bill currently before Congress expanding the definition of volunteers under 16 U.S.C. § 558c to include specifically "volunteers affiliated with a partner organization." Opposition at 19 (quoting S. 1110, 114th Cong. § 4(d)). While the addition of such language might establish that FECA applies to situations like this one, its current absence is not dispositive. As the law currently exists, there is a substantial question as to whether FECA applies and it is within the Secretary

of Labor's purview to review the facts in this case. *David*, 820 F.2d at 1044.

**3.    Disposition**

Courts in the Ninth Circuit "will generally stay the FTCA action pending a determination by the Secretary of Labor" under these circumstances. *Reep v. United States*, 557 F.2d 204, 208 (9th Cir. 1977); *see also Jorgensen v. United States,* No. C 03-00188 MJJ, 2004 WL 3267262, at *8 (N.D. Cal. Feb. 17, 2004). This is because case closure has the potential to deprive a plaintiff of a remedy if the Secretary of Labor finds that FECA does not apply and the FTCA's statute of limitations has run. *See Lemley v. United States-U.S. Air Force*, No. 8:09CV453, 2010 WL 1949584, at *4 (D. Neb. May 11, 2010) ("[I]t would be inequitable to dismiss an action pending a determination of coverage under FECA, and place a plaintiff in jeopardy of having a statute of limitations run on claims that would otherwise be viable if the Secretary of Labor later determines that the claim is not covered under FECA."). Here there is a substantial question whether or not FECA applies. Therefore, equitable concerns justify stay, as opposed to dismissal.[6,7]

Because the Court is staying the matter for the reasons stated, it will not address the Government's alternative argument that Mr. Krogen waived his rights to recovery under the FTCA at this time.

## VI. CONCLUSION AND ORDER

For the reasons discussed above, the Court DENIES Defendant's Motion to Dismiss, Doc. 25. This action is stayed pending a determination by the Secretary of Labor of coverage under the Federal Employees Compensation Act. The parties will submit a joint progress report to the Court on or before December 1, 2015. In a case like this, where the Government admits that there are no material facts in

---

[6] In the one instance this Court has considered this issue in the past, the Court opted for dismissal. *Newsome v. United States,* No. CVF-04-5335 LJO, 2006 WL 1153609, at *4 (E.D. Cal. Apr. 28, 2006). In that case, however, it was undisputed that the plaintiff's injuries "arose from and [were] directly tied to her Air Force employment." *Id*. Thus, a stay was not contemplated by the Court.

[7] Plaintiff objects to the Government's raising the issue of stay in the context of a reply brief. Doc. 30. Stay is one potential outcome of Defendant's request for dismissal. It was raised by implication in Defendant's moving papers. As an alternative, the Court will entertain a voluntary motion to dismiss.

dispute, should the Secretary of Labor fail to determine the issue now before him or her, the stay will be lifted and this cause will proceed. For now, the stay exists but does not give the Government a blank check on time

**IT IS SO ORDERED**
**Dated: August 27, 2015**

                                              <u>/s/ Lawrence J. O'Neill</u>
                                              **United States District Judge**